BENHAM vs. SAGE and others, in error,

In every case coming within the seventy fifth section of the judiciary act, where the sum, for which judgment ought to be rendered, is uncertain, either party has a right to have the damages assessed by a jury; and if a motion be made by either party to have the damages so assessed, by a jury, and the application be refused, and the motion dismissed by the Court, it is error, and the judgment rendered in the case, will be reversed.

MOSES BENHAM, on the twenty second day of March, 1811, recovered judgment, before a justice of the peace for the County of Bennington, against Moses Sage, for the sum of $45,51 cents, damages, and for the sum of $1,60 cents, costs of suit. Moses Sage moved for, and was admitted to an appeal from that judgment, to the County Court, then next to be holden for said County in December, 1811 ; and thereupon Moses Sage, J. Sage and Moses Sage, jun. entered into a recognizance to Moses Benham, the plaintiff, in the penal sum of $70, conditioned that Moses Sage should prosecute his said appeal to effect, and answer and pay all intervening damages and costs in case of failure. Moses Sage entered his appeal in said County Court, and such proceedings were had therein, that, at the term of said Court, holden in June, 1811, said Benham recovered judgment against the said Moses Sage, for the sum of $49,51 cents damages, and for the sum of $6,61 cents, costs of suit. Benham prayed out a writ of execution on the judgment, and Moses Sage was, by virtue thereof, committed to prison. And Benham brought an action on said recognizance, at the term of said County Court, holden in December, 1811, against the said Moses Sage, J. Sage and Moses Sage, jun. And, in his declaration set forth the recognizance and the condition ; and assigned, among other things, as a breach of the condition, that the said Moses Sage had not prosecuted his said appeal to effect, nor paid the damages and costs in that behalf, &c. Judgment having been rendered in the action against the defendants, by default, the plaintiff's counsel filed in Court the following motion, which was entered on the record. " In this cause, brought before this honorable Court to recover the forfeiture of the condition, annexed to the said bond of recognizance, set forth in the plaintiff's declaration, the forfeiture, breach and non-performance, having been made to appear to this Court, by the default of the defendant, and the sum being uncertain for

*Bennington* which judgment ought to be rendered, the plaintiff requests that the
July.
1814.
same may be assessed by a jury, agreeably to the statute in such
case made and provided.

Benham
*vs.*
Sage
*et al.*

The Court refused to grant the request, which is thus entered on
the record. "Which motion the Court overruled and dismissed."
Then follows a motion made by the defendants, that the Court
would assess the sum which ought to be recovered, "and thereup-
on the Court do adjudge, that the plaintiff recover of the defend-
ants one cent damages and his costs, taxed at ———

To reverse this judgment, Benham the plaintiff brought a writ of
error, assigning, for error, the refusal of the County Court, to direct
the damages to be assessed by a jury. To which the defendants
pleaded, in *nullo est erratum.*

*Wright,* for the plaintiff in error. The action in the Court below
was brought on a recognizance, with a condition, which is set forth
at large in the declaration. The breach of which condition, ap-
peared, or rather, was conceded by the default of the defendant ;
and the sum for which judgment ought to be rendered, was uncer-
tain. And the plaintiff and the defendant, had each a right by the
seventy fifth section of the judiciary act, to require the damages to
be assessed by a jury. The words are express, "Where the sum
for which judgment should be rendered is uncertain, the same shall,
at the request of either party, be assessed by a jury." The plain-
tiff, therefore, had in this case a right to an assessment of damages
by a jury ; and his motion for such an assessment, and the refusal
of the Court, appearing on the record, it is error.

*Fay,* for the defendant. The sum, which the plaintiff ought to
have recovered in this case. was not uncertain ; he was, at law, en-
titled to recover the penal sum of the recognizance. When the de-
fendants applied to the Court for an assessment, then, and not till
then, the sum became uncertain. The plaintiff was, therefore, pre-
mature, and his motion was rightfully and properly dismissed.

The opinion of the Court was delivered by
CHIPMAN, Ch. J. The seventy fifth section of the judiciary act,
is in these words, "That in all cases, brought before either of the
County Courts, or the Supreme Court of judicature, to recover
the forfeiture annexed to any articles of agreement, covenant, bond

of recognizance, with a condition thereto annexed, contract, charter party, or other specialty, where the forfeiture or non performance, is found by the verdict of a jury, or by the default or confession of the defendant, or upon demurrer, the Courts respectively, before whom such action is pending, are hereby authorized and empowered, to moderate the rigor of the law, and render judgment therein, for the plaintiff to recover so much as is due, according to equity and good conscience, and award execution accordingly. And when the sum, for which judgment ought to be rendered, is uncertain, the same shall, on the request of either party, be assessed by a jury." In all cases, coming within the equitable provisions of this section, the plaintiff has a right, as well as the defendant, to apply to the Court, for the ascertainment of the sum for which judgment ought to be rendered. The plaintiff is under no necessity, if the defendant neglect to apply to the Court, to take judgment for the whole penalty, and thereby, at least in some cases, expose himself to a suit in chancery, by the defendant, for relief. The plaintiff may, indeed remit, where the sum which he ought to recover is certain, or capable of being reduced ·to a certainty by computation, as in the case of principal and interest : in this case, the sum which the plaintiff ought to recover is uncertain. But, it is said that the plaintiff was premature, in his motion ; that, until the defendant had moved to chancer the recognizance, the plaintiff was entitled to a sum certain, the whole amount of the penal sum ; that the uncertainty, as to the sum to be recovered, arose from the motion of the defendant : but this argument, is wholly groundless. The uncertainty referred to by the statute, is not an uncertainty, as to the sum, which the plaintiff is entitled to recover, according to the strict rules of the common law, but an uncertainty, as to the sum, which he ought to recover, in equity and good conscience. And it is because the uncertainty already exists, which, in this case, appears from the nature of the condition, as set forth in the declaration, that either party has a right, from the statute, to apply to the equitable authority of the Court. Indeed, I am of opinion, that, in a case like the present, where the equity of the case is apparent on the face of the record, the Court ought not, should the defendant, never come into Court, to permit the plaintiff to take judgment for the whole penalty, as a matter of course, any more than to permit the plaintiff, in an

*Bennington*
*July.*
*1814.*

*Benham*
*vs.*
*Sage,*
*et al.*

action of *assumpsit*, for goods sold and delivered, to take judgment for the full amount of the *ad damnum*, or for the sum which the plaintiff averred the goods to be worth. The Court, in every such case, ought to compel the plaintiff to take judgment, for that sum only, which, shall by an assessment appear to be due. It follows that the plaintiff's motion in this case, made in the County Court to have the damages assessed, or rather the sum due in equity ascertained by a jury, was legal and proper, and that the dismission of that motion renders the judgment erroneous, for which it must be reversed.